STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY *v.* Dorothy LINDSEY, Executrix of the
Estate of Mary Ellen Thielemier, Deceased

CA 95-817 926 S.W.2d 850

Court of Appeals of Arkansas
Division III
Opinion delivered August 21, 1996

*Snellgrove, Laser, Langley, Lovett & Culpepper,* by: *Todd Williams,* for appellant.

*Riffel, King & Smith,* by: *Jim King,* for appellee.

WENDELL L. GRIFFEN, Judge. State Farm Mutual Automobile Insurance Company ("appellant" or "State Farm") appeals from the

decision by the Randolph County Circuit Court granting summary judgment to Dorothy Lindsey ("appellee" or "Lindsey") for insurance benefits under both the uninsured and the underinsured provisions of an automobile policy. Lindsey's mother was the insured under the policy and was killed in an automobile accident by a uninsured tortfeasor. State Farm paid the $25,000 policy limit under the uninsured motorist provision. Lindsey, as the executrix of her mother's estate, brought this action to also recover under the underinsured provision of the same policy. The trial court granted summary judgment in her favor after both parties filed summary judgment motions. State Farm contends that this case is controlled by *State Farm Mut. Auto. Ins. Co. v. Beavers*, 321 Ark. 292, 901 S.W.2d 13 (1995), a decision issued by the supreme court while this appeal was pending. We agree that *Beavers* is dispositive. Accordingly, we reverse and remand with the instruction that summary judgment be entered in favor of State Farm.

As an initial matter, we note that appellant argues in its jurisdictional statement that jurisdiction may properly lie with the supreme court because this case involves the interpretation and construction of an act of the General Assembly. Ark. R. Sup. Ct. 1-2(a)(3). However, we need not interpret Ark. Code Ann. §§ 23-89-209 (Supp. 1995) and 23-89-401—405 (Repl. 1992) (the underinsured and uninsured motorist coverage acts, respectively). *Beavers* has done that for us. Hence, this case requires that we simply apply the relevant case law. Thus, it is properly within our jurisdiction. Ark. R. Sup. Ct. 1-2(a).

The facts in *Beavers* are virtually identical to the instant case. The insured was struck by an uninsured motorist. The State Farm auto policy involved appeared to contain the same uninsured-underinsured provisions. The accident occurred before the 1993 amendment to the Arkansas underinsured motorist statute. Ark. Code Ann. § 23-89-209 (Repl. 1992) (amended by Act 1180 of 1993). The only differences between *Beavers* and the instant case — none of which are relevant — are that State Farm in *Beavers* refused to pay benefits under either the uninsured or the underinsured provisions (State Farm paid the policy limit under the uninsured provision here), and the case went to trial before a jury rather than, as here, being decided on motions for summary judgment.

In a well-researched opinion that relied on law review articles, treatises, and case law from other jurisdictions, the supreme

court stated:

> [I]n following the simple rule of considering this policy's language, including its definition and exclusions, together with the language of the statute, which clearly refers to the tortfeasor's insurance coverage, we must conclude that underinsured coverage does not apply when the insured is struck by an uninsured motorist.

321 Ark. at 297, 901 S.W.2d at 16.

■ The automobile policy at issue states in clear terms: "an *underinsured* motor vehicle does not include a land motor vehicle . . . defined as an *uninsured* motor vehicle in your policy." (Emphasis added.) Moreover, the underinsured motorist statute provides: "Coverage of the insured pursuant to underinsured motorist coverage shall not be reduced by *the tortfeasor's insurance coverage*, except to the extent that the injured party would receive compensation in excess of his damages." Ark. Code Ann. § 23-89-209 (Repl. 1992) (emphasis added). We believe that both the Arkansas General Assembly and State Farm intended for uninsured and underinsured coverages to be distinct concepts. In particular, the statute implies that underinsured coverage is not triggered unless the tortfeasor has insurance in the first instance. To allow uninsured and underinsured coverage to apply to the same accident — as appellee would have us hold — would permit a double recovery in the face of clear statutory and policy language to the contrary.

■ We reverse the summary judgment in favor of appellee. We also remand to the circuit court with the instruction that summary judgment be entered in favor of State Farm.

Reversed and remanded.

MAYFIELD and ROBBINS, JJ., agree.